Our first case for argument this morning is several consolidated bankruptcy cases under the general title of In the Matter of Steams. Ms. Spinelli. May it please the Court. These appeals present two issues regarding the permissible treatment of post-petition creditors in Chapter 13. The Moore appeal involves Chapter 13's default rule that property of the estate revests in the debtor on confirmation. It presents the question when a bankruptcy court may depart from that rule, keeping property in the estate after confirmation, and thus barring post-petition creditors from enforcing their claims against that property. The Marshall appeal presents the question whether, if the debtor's property, such as a car, is kept in the estate after confirmation, the estate's liability for post-petition fines incurred by use of the car is an administrative expense that must be paid by the estate. Our position is that property may be— Excuse me, but in that regard, I'd like to start you off by asking, what is the statutory source of a requirement that a debtor must make a showing that retaining assets in the estate is necessary for the plan? In other words, what statutory provision or case specifically do you rely on for this requirement? Judge Rovner, we're relying on Section 1327B of the Bankruptcy Code, which provides that except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor. We're also relying on this Court's interpretation of that language in the Heath decision on the overall structure of Chapter 13, which we think strongly supports the notion that it's improper to keep property in the estate after confirmation unless it is necessary to the plan, given the harm that it inflicts on post-petition creditors and also on the legislative history of the Code. And I'm happy to walk through those. Just to return to the way in which we see the two appeals... Ms. Spinelli, one of the striking features of this case, beside the fact that the bankruptcy judge confessed she hadn't read the motion before denying it, is the bankruptcy judge's lack of explanation for flipping the statutory presumption. Is there perhaps some other case in which that was explained? I'm sorry, Judge Easterbrook, is there some other case in which what exactly was explained? In which reversing the statutory presumption has been explained. The case that I think bears most closely on the issue presented here is this Court's decision in Heath. No, I'm asking for some case in which the bankruptcy court has explained why it is doing what it is doing. I apologize, Your Honor. Because the cases under appeal don't contain such an explanation. But maybe there is one, and I'm trying to search for it. I think the best explanation is probably contained in the bankruptcy court's decision in Fisher, which didn't involve the exception to 1327B, but... This is the Fisher that was 21 years ago or so. Correct, yes. But which explained that court's reasons for believing that the estate should remain intact until the end of the case. And those reasons essentially... I mean, as the Fisher court said, Fisher actually involved the city of Chicago. And what the court said is that it was important to keep property in the estate until the end of the case to ensure that post-petition creditors, like the city of Chicago, aren't free to enforce claims against the debtor's property. And in the court's view, that then preserved the property to increase the debtor's odds of completing the plan and for distribution to pre-petition creditors. I'm not sure that that's a reason. That sounds like a reason for enacting a different statute. I'm searching for whether the bankruptcy judge has ever given a reason for doing what it's doing, given the current statute. Not that I'm aware of. And our position is... There are hints in this case that the bankruptcy judge was worried about a creditor with a lien seizing the car, say, while payments were being made under the plan. That would be a very good reason for holding a car in an estate, for example. Were there arguments of that sort made here? Well, no findings by the bankruptcy judge, but... There were no findings and really very little, if any, argument on this subject in the bankruptcy court. Certainly, appellees have contended that one reason to keep the car in the estate is in order to shield it from post-petition creditors. Our view is that shielding property from post-petition creditors, by itself, isn't a legitimate bankruptcy purpose. I'm sorry. Judge Rorvan, please go ahead. Thank you. I imagine that in most of these cases, the court would find the car necessary for the fulfillment of the plan. That is, the car is necessary for the debtor to get to work, or maybe it's part of the work. If that is usually the case, why vest the car in the debtor instead of the estate? Is there a... Go ahead. I apologize, Your Honor. We believe that what it means to be necessary to fulfillment of the plan is that the property has to be dedicated to repaying creditors under the plan. Now, it certainly is possible that in some situations, necessary to fulfillment of the plan could be interpreted more broadly, but I think that we have to conceive of it against the backdrop of the way Chapter 13 works. The basic bargain of Chapter 13 is that debtors keep their property and repay pre-petition creditors with disposable income going forward in the hope that creditors will realize more than they would in a Chapter 7 liquidation. So before confirmation, all creditors... So I wonder whether there isn't some way to protect everyone's interests in cases like this by, for example, keeping the property in the estate subject to a judicial order that all the necessary and ordinary expenses of maintaining and using that property be paid on a current basis. For example, if you're going to keep a car in an estate, it has to be repaired, right? The gasoline has to be paid for. You can't understand the bankruptcy court as allowing somebody to drive up to a gas station, pump a full tank of gas, drive away and say, I'm a debtor in bankruptcy. I have to pay for the gasoline, and presumably they have to pay for parking. So how about a judicial order that says it stays in the estate to protect it from the lien creditor, but all the expenses have to be paid? Well, we certainly agree, Your Honor, that... I'm not asking whether you agree that they have to be paid. That's your argument. I'm asking what you think about a judicial order, whether it's consistent with a statute. To have a judicial order that says assets in which there is a lien remain in the estate, notwithstanding a statutory presumption, but subject to a directive that all ordinary expenses of maintaining that asset must be paid currently. That would solve the city's problem. I'm... I still think... I'm asking whether it's legal, whether it's a proper means of implementing a statute. I'm not asking whether it would solve your problem today. I understand. I'm trying to figure out whether this is a good means of protecting the debtor's rights while implementing the statutory presumption. I understand. Our position is that property should only be kept in the estate where it's necessary to fulfillment of the plan. And that's based on the overall structure of Chapter 13, which is not designed to subordinate the claims of post-petition creditors to the claims of pre-petition creditors. In what percentage... in what percentage of Chapter 13 cases does the city encounter debtors who incur significant post-petition traffic fines? Has the city tried to list a stay in those cases? I don't know the percentage, Your Honor, but I know that it's extremely common and that right now there are approximately 60,000 outstanding tickets owed by Chapter 13 debtors. So has the city tried to list a stay in those cases? The city... our position is that the city shouldn't have to list a stay because the state... But has the city tried to list a stay in those cases? That, to my knowledge, the city has not proceeded that way because it believes that it shouldn't have to given that the automatic stay shouldn't be in place to begin with. What the city has tried to do is both to challenge the plan that keeps the automatic stay in place, barring the city from enforcing its laws... Has the city tried moving to dismiss the Chapter 13 bankruptcy? No, and we don't think that would be appropriate. I mean, that would be an unduly harsh penalty for the Chapter 13 debtor. Rather, if the property is going to be kept in the estate, then the proper consequence is that the city's claim should be paid as an administrative expense, as Judge Easterbrook was suggesting. I didn't suggest anything about administrative expenses. I don't think you're tracking my question. Ms. Spinelli, we're dealing... we seem to be dealing with a statutory default rule of presumption that, let us say, a number of bankruptcy judges and practitioners in Chicago are unhappy with and have found a means to avoid applying. Yes, Your Honor. If we agree with your general position, what remedy do you think would be effective given that a judge will retain the discretion under 1327b to, at least in some cases with some sorts of findings, go ahead and do what they've already been doing on a routine basis now? Agreed. We think this Court should hold that that's appropriate if keeping the property in the estate is necessary to fulfillment of the plan and that if property is kept in the estate, the city is entitled to administrative expense treatment. So what does necessary for the plan look like to you, given about, for example, just routine commuting needs? Would that be sufficient? In our view, routine commuting should not be sufficient. So what would it take? We think that necessary to fulfillment of the plan goes hand in hand with the feasibility determination that the bankruptcy court has to make when it needs to decide whether the debtor will be able to make all the payments under the plan out of her disposable income going forward. If the court finds that the plan is not feasible unless the vehicle or other property is kept in the plan, that strikes us as an appropriate occasion to keep it in the plan. If not commuting, then give me an example. One example would be if property is going to be liquidated to repay creditors under the plan, which does happen on occasion. Selling it in short order. I get that. Whether it's real property or vehicles or something like that. What other legitimate reason would you see for retaining a vehicle long term as necessary to fulfill the plan? We think that the precise contours of the rule can probably better be addressed in a case where there's been some discussion of it below under the appropriate standard. We think that just the ordinary fact that the debtor uses the car to commute likely is not going to be sufficient. Absent some sort of unusual circumstances because the car doesn't need to be in the estate for the debtor to drive it to work. The debtor has possession and control of the estate property no matter what. Thank you. With respect to the Redding Company case, has that ever, to your knowledge, been applied to a Chapter 13 case? Not to my knowledge. That's because this issue very rarely arises in Chapter 13. It's not typical for the automatic stay to extend to the end of the case and there aren't that many situations in which involuntary creditors like the City of Chicago are then generated by the estate. But that's what's happened here. It's because of the Chicago practices? Yes. Well, the Chicago Ordinance provides that. No, because of the Chicago Bankruptcy Court practices. Correct. Correct. Let me just ask you, this would be a fairly unusual extension of Redding or at least a novel extension. The way I read Redding, its foundation is the court's basic sense of fairness for injured victims of torts. And a speeding ticket, a parking ticket where no harm is done doesn't seem quite as compelling as the buildings burnt down next to the Redding Company's. So with respect, Your Honor, I read Redding a bit differently. Redding is a construction of the language of the statute, the predecessor to current Section 503B of the Bankruptcy Code, which says that actual necessary costs and expenses of preserving the estate are administrative expenses. And what the court said in Redding is... Sorry, you think Redding gets that all just out of the statutory language? Yes, I do. I do. Redding clearly says that it's a construction of the statutory language. Redding also invokes fundamental fairness. Exactly. But the reasoning in Redding is equally applicable to Chapter 13. The reasoning and the way that the court... Is it equally applicable if no actual harm is suffered? Well, if no actual harm is suffered, then there wouldn't be a claim. Okay, so what harm is suffered when somebody stays too long at a parking meter? The city is harmed by... It's not quite as compelling as the fire that destroyed the building in Redding. But with respect, Your Honor, I don't think the proper analysis is how compelling the claimant's story is, but rather does this fit within the language of the statute. And what Redding said is when a bankruptcy case is commenced to benefit pre-petition creditors, any cost that's incurred, including obligations to involuntary creditors such as tort victims, are costs of preserving the estate, whether or not it ultimately results in any benefit. In Redding, it ultimately didn't result in any benefit, given that after the fire, the company had to be liquidated. Nonetheless... Now, excuse me, but to me, the city seems to be taking contradictory positions in the two sets of appeals that we have here. In the form order case, the city sees no need to keep the car in the estate and says they should invest in the debtor on confirmation. But in the administrative expense appeal, suddenly, signs related to the cars are necessary to preserve the estate. Are the cars necessary to preserve the estate? Your Honor, our position is that it has to be one or the other. Either the property should re-invest in the debtor on confirmation and the city should be able to pursue its claims outside bankruptcy, just as any other... I really wish you would just answer the question that I asked. And the question that I asked is, are the cars necessary to preserve the estate? If the car is being kept in the estate, it is necessary to preserve the estate. And the reason it's necessary is that... If so, then why doesn't that support keeping them in the estate after confirmation? Well, our position is that if they are necessary, we should receive an administrative expense. So it's not that our positions are contradictory. What we're saying is we shouldn't lose both ways. Right now, debtors and prepetition creditors are having it both ways at the city's expense. The city should either be able to pursue the debtor or the estate. Well, would you concede that the individual debtors remain liable for these tickets after completion of the Chapter 13 plan? They do, Your Honor, but that means an up to five-year delay in the city's being able to pursue the debtors for their claims and to have any effective ability to enforce its traffic and parking rules, which are designed for public safety, not just for production of revenue. Maybe I'm missing something, but how are they expenses of the estate if they stay with the debtor? The way it works is that... I mean, if the car remains the debtor's property, as we think it should, then they are not expenses of the estate. If the car remains owned by the estate, then under Chicago's ordinance, the owner of the car, not the operator, is liable for the fines, and that's what the district court held below. I thought it was the registered owner. Does that cause a problem for you? Not exactly, Your Honor. What the statute says, what the ordinance says, is that the registered owner is prima facie liable. Right. That makes sense because registration is prima facie evidence of ownership, but that that presumption can be rebutted if the actual owner is not the registered owner. Where does it say that? I apologize. Where does it say that? It says that in... We cite the provisions in our brief, and I will... Let me just find the citation for you. You know, forgive me, but the way I see it, the city's arguments seem contrary to the goals of the bankruptcy statute, and they allow the city to jump the line for no reason that I could see justified in the bankruptcy code, and I understand that the city is bankrupt or, you know, whatever, but you're attempting to balance your bankrupt budget on the banks of bankrupt citizens, and if you could dissuade me of my view, that would be great. The city is not trying to jump the line, Your Honor. The city simply... The way Chapter 13 works is that the debtor repays her pre-petition creditors under a plan and going forward has to pay her day-to-day debts as they come due. It's not... Chapter 13 doesn't provide for subordinating post-petition creditors who aren't getting paid under the plan to the claims of pre-petition creditors who are getting paid under the plan. All the city wants... Look, in each case, the city is trying to find a way to jump to the head of the line to collect parking fines and red-light ticket fines incurred after confirmation but before discharge ahead of all other creditors. No, Your Honor, that's not the case. The city is not seeking to collect them. The city is seeking... The city is saying, first of all, if it's not necessary to keep the car in the estate, then it shouldn't be kept in the estate, in which case the city is in the same position as any other post-petition creditor. And how are you going to decide if that is the case? The bankruptcy judge will need to look at the facts, look at how the plan is written, what assets it's using to repay creditors, and decide whether or not it's actually necessary to keep the car in the estate in order for the debtor to make her payments under the plan. We think typically that won't be the case. It may sometimes be the case. When it is the case, the estate should have to pay the cost associated with keeping the car in the estate. That's the holding of credit. Forgive me, but the Northern District of Illinois has adopted a form order, presumably because it's the most efficient order for the court. Why shouldn't it be incumbent on the city to object to the plan or the order in particular cases where the city believes the property should best in the debtor? I mean, why throw away the form order that works best for the district because it sometimes poses extra costs on a single creditor view? Well, Your Honor, it's not a single creditor. This affects all post-petition creditors. But the city did, in fact, object to confirmation of the plans on that ground, and that's why we're here. But if the court decides that it is proper to keep the cars in the estate, then the necessary consequence is that the city should receive administrative expense treatment because the estate has been prolonged for the benefit of pre-petition creditors, and if pre-petition creditors receive that benefit, then under the reasoning of Redding and this court's decision in resource technology, it also ought to pay the cost. Ms. Spinelli, your footnote six in the Steens brief answers my question, so thank you. Thank you, Your Honor. I was just about to give you that citation, but you found it without me. Thank you. Mr. Curtis. Good morning, Your Honors. May it please the court, my name is Nathan Curtis. I represent the debtor at Belize, Shelley Moore and Florence Hernandez. What this case really is about is statutory interpretation and plain language. The plain language of 1327B and the plain language of 1322B-9 are explicit. When the language of a statute is clear, the court must interpret it based on that plain language. The language in 1327B says, except as otherwise provided for in the plan or the order confirming the plan, the confirmation of the plan vests the property of the estate in the debtor. Now, this court has previously- Yes, and if I understand Chicago's argument correctly, the Northern District of Illinois has said, notwithstanding the statute, we are doing things exactly the opposite of what the statute says. Now, that's pretty problematic. I can easily understand a ruling that particular assets should stay in the estate, but what I have trouble seeing is how a district court can just contradict the statute. Well, Your Honor, again, it's not contradicting the statute because there's nothing in the order that says that the debtor cannot put a provision in the plan that revests property in the debtor. Your view, counsel, seems to be that the discretion implicit in 1327B is unlimited. That seems to have been the bankruptcy judge's view as well. If there was no need to provide an explanation, she could do what she wanted. I don't think that you could ever say that any discretion is unlimited, Your Honor. So what limits do you see here? Yeah, but there need to be reasons for the exercise of discretion. There's plainly discretion in the bankruptcy judge to keep the assets in the estate. The technical question is whether a bankruptcy judge has to give reasons other than I think the statute makes the wrong presumption. That's why I began the questioning of Chicago's lawyer with, has the bankruptcy judge given reasons, not in this case, where the bankruptcy judge conceded she hadn't bothered to read the city's papers and gave no reasons other than I'm a judge and can do what I want. Has the bankruptcy judge given reasons someplace? Not to my knowledge, Your Honor. Don't you think that's a problem? The statute says here's the presumption. The judge has discretion to do otherwise, and it's just the norm in the judicial system that when a judge has discretion to do something, that's to be done for good reasons. The problem is how do we review that exercise of discretion? What is the individualized justification here? The way that the Chapter 13 process typically works. First, to establish an abuse of discretion, the city would have to show that the court acted contrary to the law or reached an unreasonable result in the decision's premise on an incorrect legal principle or a clearly erroneous fact finding. No, no, no. That's not the question you're facing. The question from Judge Roedner and me, and I think Judge Hamilton is, are there any reasons? The judge can vest the property in the estate for a reason. Has the judge given a reason? That's the problem. To my knowledge, the judge did not give a specific reason as to these cases. And that's why, by the way, I asked the city, has the judge given a reason someplace else and perhaps given a reason that applies to these cases too? Again, Your Honor, I'm not aware of a particular reason that was given. But the way that the process works based on the language of the statute is Section 1322B9 gives the debtor the right to propose a plan that vests the property of the estate in herself or in the estate or in another party and vesting or revesting as it may be. That's fine. And if somebody objects to the plan, as the city has objected, then the judge has to give a reason for rejecting the objection. And the problem here is the judge didn't give a reason. That's why I keep asking, did perhaps the judge give a reason someplace else? The statement, I haven't read your documents, your request is denied, is not a reason. Your Honor, I think there's a bit of a misnomer here. The city did not object to the plan itself. The city objected to the confirmation order. There was nothing in the plan that provided... The city objected to confirming the plan. No one ever objects to the plan. Somebody writes up a plan and submits it for confirmation. You object to the order confirming the plan. The city did not make a procedural mistake. Right? I take it that there's no way of asking this question that's going to elicit the answer that the judge gave either here or someplace else a reason. Again, Your Honor, I'm not aware of a reason that Judge Hollis gave. Mr. Curtis, let me try a different way here. What good reasons are there for vesting, let's say, a vehicle or real estate in the estate other than selling it quickly or stiffing post-petition creditors? Well, Your Honor, in Thompson v. GMAC, this court looked at the automatic stay and held that the stay is imposed to allow the debtor free use of her assets while establishing a repayment plan. And this is based on the theory that the assets of the estate... That's why you're putting the plan together, right? Correct. We're talking here about a five-year plan. That's correct. The Thompson court also held that allowing a creditor to retain possession of a vehicle prevents or could prevent a debtor from attending work, from finding work, from earning money... That doesn't draw the distinction, though, between keeping the vehicle in the estate versus revesting it in the debtor. There obviously are good reasons under Chapter 13 for the debtor to have the use of a vehicle, right? Certainly. Okay, but in terms of ownership, estate versus debtor, what's a reason other than stiffing the post-petition creditors? The reason is to ensure that the plan can be complied with. And again... No, it's the payment of the post-petition debts that ensures the plan can be complied with. Correct. Forget about Chicago for a moment. Suppose what the debtor in bankruptcy does is take the car and drive on the tri-state tollway and go straight through the automatic payment section but doesn't have a transponder. And when challenged, the debtor says, You can't force me to pay. I'm a debtor in bankruptcy. I have the privilege, since I need my car to fulfill the plan, I have the privilege of driving without paying the toll for five years. Is that true? Is it sensible? Is that the way a plan should be structured? I think the underlying issue... I didn't ask about any underlying issue. And I understand what your question is, Your Honor. But again, to get back, we're looking at... or you're asking about what the intent behind this is. I'm not asking about anybody's intent. I'm asking about whether there is anything in the Bankruptcy Code that entitles people who have Chapter 13 plans not to pay ongoing debts for the next five years. No, but there are also provisions in the Bankruptcy Code that give post-petition creditors or other creditors the right to proceed. A creditor can file a motion for relief... Right. So in order to collect the $2 toll, the tollway authority has to spend $500 for a lawyer to file a motion. That's also not a sensible way to proceed. That's true, Your Honor. However, to my personal knowledge, the tollway authority would not file a motion... Of course it wouldn't, because you don't spend $500 to get $2. It's still a question about whether that's a sensible way to proceed. to use the cost of filing motions as a means of giving the debtor in bankruptcy an opportunity not to pay ordinary and honest debts. That doesn't seem anything the Code is getting at. I asked the city the question whether it doesn't make sense as a condition of keeping an asset in the estate to put in a proviso saying that ordinary and ongoing debts have to be met for this asset. If the bankruptcy judge is going to give a reason, would there be a reason for not attaching that proviso? Your Honor, once again, I think the question is can this court read something into the bankruptcy code that does not exist? I don't have to read anything into the bankruptcy code. The Code says that property revests in the debtor on the confirmation of the plan unless ordered otherwise. In order to order something otherwise, you have to have a reason. We've been through this. Thank you very much. Mr. Wadoff. Your Honor, it's good morning and may it please the Court. I'm here representing two of the debtors in the Steens case, Dorian Dudley and Mr. Steens himself. On the question of whether any post-petition liability incurred by a Chapter 13 debtor is an administrative claim on one hand or a claim governed by 1305 of the bankruptcy code on the other, there is an enormous difference between the two treatments. I hate to take you away from this, but you of all people should know the answer to the question, have the bankruptcy judges of the Northern District of Illinois someplace else given a reason? Well, the answer to that question is certainly yes. Do you know where? That was going to be the question I had difficulty answering. I do know of enormous discussions among the bankruptcy judges of the Northern District of Illinois regarding the form order that was entered in this case. And the rationale for that form order is exactly what has been discussed, a desire to protect the assets of the debtor. Yeah, well, the problem with that is that's just disagreement with a statute. There has to be a reason in the case. It can't be the statute is wrong, so we're just going to countermand it universally. Your Honor, I don't see it that way, and you and I just have a disagreement that I cannot overcome. But I see the statute as simply providing a default. It does not set out a rule. It does, but departing from the default requires a reason. And if there is some articulation of reasons, maybe the parties could provide it by post-argument memo. Obviously nobody here knows where it might be found. Anyway, go back. Actually, Mr. Rudolph, if I could take you to a slightly different question, but on this issue of administrative expense. Yes. And the application of, or lack of application of, Reading Company's logic to Chapter 13 cases. Let me give you the hypothetical that may be a little more compelling. Let's suppose we have the form order. The vehicle is kept in the estate. It's not insured. The debtor is on his way to work. He needs this vehicle to commute. He runs a red light, hits a pedestrian who doesn't have any insurance. Is that pedestrian's tort claim entitled to treatment as an administrative expense? I would say no. Why not? Because the case is governed by Section 1305. And that's our big question here. Now, how does the pedestrian's involuntary claim fit under 1305? It is a consumer claim. It's not engaged in the debtor's business. And consumer claims under 1305 can only be assessed against the debtor's disposable income, which pays all the prepetition claims, if conditions are met. And those conditions would in all probability not be met here. Moreover. So you would leave the pedestrian, you'd put the pedestrian in essence in the same position as a prepetition unsecured creditor. If they filed a 1305 claim, yes. But they would not file a 1305 claim. What they would do would be to wait until the case is over, and then pursue all of their non-bankruptcy remedies. You'd have to wait five years. Not necessarily. Because if they were concerned that the claim would be somehow uncollectible when the case is over, they would seek relief from the automatic stay and pursue it immediately. But the point is that 1305 is designed to protect the ability of the debtor to make payments out of disposable income, and the ability of the prepetition creditors, the pre-bankruptcy creditors, to be paid. Administrative claim treatment completely turns that on the head. But I don't understand why it protects prepetition creditors at the expense of postpetition creditors. Because if it's And that seems to be the argument. Even though the norm in bankruptcy law is that postpetition claims are supposed to be paid on a current basis. Your Honor, the whole purpose of 1305 is that they aren't already. I would really much prefer to discuss the text rather than the purpose. Words on paper have no purpose. Your Honor, I am very much in agreement with you on that subject. We have to look at the text of 1305, see what it covers, and then ask if 1305 can remain in effect if administrative claim priority is given. And the answer is it can't. There's a conflict. If the claim is treated as a postpetition administrative claim, it is given priority over all of the other claims that 1305 says ought to remain payable. So the answer to the question, I think, is to look at the Hall decision of the Supreme Court, which also looked at Section 1305 of Chapter 13. And what it said is that if a postpetition claim is personal to the debtor, it's governed by Section 1305. It is not an administrative claim required to be paid in full out of the assets available for paying claims. That's the essence of the issue here. It is a question of statutory construction. To the extent that 1305 and 503B conflict, then the answer is you apply the one that is the most specific. 1305 is a specific statute directed to postpetition claims. In Chapter 13, it ought to be the one that's applied. But the city's argument is you only look... Thank you, Mr. Weaver. I'm sorry. Thank you. Mr. Olivadotti. May it please the Court. My name is Anthony Olivadotti. I represent Merrill Marshall Trustee. I believe in this case. As discussed earlier, I think that the administrative claim issue is the biggest issue that's going on in this case. I don't believe it's appropriate, though, that the city becomes an administrative claimant. Under 503B, part of the administrative claim has to be that it arose in a postpetition transaction and is somehow beneficial to the estate. Nor has the city ever claimed that fines and tickets are anywhere beneficial to the estate. That language we all understand in the context of voluntary postpetition creditors. The problem is how do we apply this in the case of involuntary creditors, right? That's correct. Okay. I think the problem is that everyone's assuming that the city's the only involuntary creditor. Debtors are supposed to maintain their payments, make their payments throughout the pendency of this case. They're supposed to be able to maintain those payments based on the budgets that they propose when they get a case confirmed. The fact that they don't do it would open the door to anyone becoming a postpetition creditor and getting an administrative claim. If they went into a grocery store and their check bounced, it shouldn't be an administrative claim. It's not helping the estate. It's not maintaining the debtor's position. Any lack of... And the grocer is unlikely to be able to pursue property that has been kept in the bankruptcy estate, right? Isn't that the problem? That is true. But you have to maintain the bankruptcy estate in order to make the case work. If we let a free-for-all... Why does the car have to stay in the bankruptcy estate? I think the car has to stay in the bankruptcy estate to protect, to make sure that no one comes after it. If someone needs to come after it for any reason, they can... For a postpetition debt. Yes. Okay, so let me ask the question that I asked earlier. Other than selling the property quickly to liquidate it or stiffing postpetition creditors, what's the reason for keeping property in the bankruptcy estate after planned confirmation under Chapter 13? I don't believe the purpose is to stiff the creditors. I believe it's to hold on to maintain that estate so that the bankruptcy court judge can decide whether or not they are stiffing the creditors. A creditor has a venue to go into the bankruptcy court and say, look, I'm not getting paid. This is something I should be able to go after. It's pretty hard to reconcile with the approach we took in Heath. That is where the bankruptcy, where we rejected the idea of this kind of wardship under Chapter 13 after planned confirmation. Is that wrong? I don't think it's wrong, but I think it's a different application. I do think that the bankruptcy court judges can see that some of these cases don't work without a little bit of prompting and holding the hand of the debtor. They do watch and make sure that the debtor's case is going to... They're trying to make sure that it's going to be successful. So in that respect, keeping parts of it in their control at least lets them have overview of what's going on in the case. It's not a free-for-all system, but at least it protects the car the debtor needs to go to work or the house the debtor needs to live in. So these things are not kept or meant to stiff the creditors, but it keeps them in check, but there's a balance. What would you do with my red light hitting the pedestrian hypothetical? Administrative expense or not? I don't believe that's an administrative expense either. While I understand the Reading analogy, Chapter 13s are not Chapter 11s. They're just not the same. So what remedies would you leave to the post-petition tort victim? I believe they should... By having administrative expense become higher priority than the other creditors, I think they should stay where they're at. Again, as you would have said... What do you mean, stay where they're at? Lift the automatic stay. They can have all their post-petition remedies. They're not harmed in any way except for going to court, lifting the stay. They've got all their same rights and remedies as anyone else does. Why should they have a priority claim and jump up above everyone else when they've got the same rights as everyone else? I still don't understand this jump up above everyone else. Paying ongoing debts as they're incurred is the norm in bankruptcy. No one is jumping up above anyone else. Well, it's an administrative claim. Pre-bankruptcy debts are the ones that are written down, and post-bankruptcy debts are supposed to be paid on a current basis. That's the statutory scheme. How is paying post-bankruptcy debts on a current basis disfavored as jumping up above everyone else? It sounds like you're condemning the basic structure of the bankruptcy code. No, Your Honor, I meant as an administrative expense. If you put them as an administrative expense, then they do have a higher priority. And that higher priority is going to wash down the unsecured percentage. For the pre-petition creditors. Correct. So they are jumping ahead of the pre-petition creditors. To your point, I do believe debtors are supposed to. It's expected that they maintain their post-petition expenses. That's what the whole code is about. That's what Chapter 13's structure is about. But as we all know, it's not a perfect world. If this was a perfect world, debtors would maintain all their payments, all their cases would be successful, and would have a much higher completion rate. What is the rate? Apparently, Chapter 13 is especially popular in Chicago. Is it because of the rules we're talking about here today? You get a five-year moratorium on tickets? I don't think so. I think it's more getting the car back in the first place is the biggest. That's true anywhere under Chapter 13. You get access to the car. The question is who has ownership? Agreed. But I think in Chicago we just have a little bit more of a selling point. Okay. Thank you, counsel. The case is taken under advisement.